139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonia RIVERA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70603.
INS No. Awi-pfd-tgx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonia Rivera, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review de novo questions of law regarding the INA. See Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). We review the BIA's denial of asylum for substantial evidence, and will uphold the decision unless the evidence compels a contrary result. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We deny the petition.
 
 
 3
 Rivera contends that the BIA failed to apply the proper evidentiary standard in considering her application, and that under the proper standard she has demonstrated a well-founded fear of future persecution if she was to return to Guatemala.
 
 
 4
 The BIA properly applied the standard set out in INS v. Cardoza-Fonseca, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1989) in determining whether Rivera had a well-founded fear of persecution if she returned to Guatemala. Because substantial evidence supports the BIA's finding that one past assault does not support a well-founded fear of future persecution, the BIA did not err in denying her application for asylum.
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners, whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)